UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                            Case No. 12-CR-190

KAMEL M. KHATIB,

      Defendant.

**ORDER AFFIRMING MAGISTRATE JUDGE'S DETENTION ORDER**

Defendant Kamel Khatib has filed a motion seeking review of a detention order entered by the magistrate judge in the above matter. The detention order was entered on August 30, 2012, at the time of Khatib's initial appearance on a charge of receipt of firearms by a person under indictment in violation of 18 U.S.C. § 922(n). The offense is punishable by up to five years in prison. 18 U.S.C. § 924(a)(1)(B).

At the time of the alleged offense, Khatib was facing multiple state felony charges in two separate cases pending in Outagamie County, Wisconsin. According to the complaint in this action, he was charged with Child Abuse and Aggravated Battery, both felonies, in Outagamie County Case No. 2011CF246. In addition, he had been charged in Outagamie Case No. 2012CF251 with possession of marijuana with intent to distribute and three counts of bail jumping, all as felonies. The charges were set forth in separate informations. The term "indictment includes an information in any court under which a felony may be prosecuted. 18 U.S.C. § 921(a)(14).

According to the Assistant U.S. Attorney's presentation at the detention hearing, Khatib had been released in April of 2011 on the first case after he posted $2500 cash bail. Despite the alleged violations of the conditions of his release in that case, he was again released following his arrest

on the second case in March of 2012, this time upon posting $3000 cash bail. Citing the pretrial services report, the Assistant U.S. Attorney noted that Khatib had not been employed for five years, but had been receiving Social Security Disability monthly payments of $800.00. This money was utilized for payment of child care and "schooling responsibilities," raising concerns over where he had obtained the $5500 cash he posted. (ECF No. 12 at 7.) Khatib also had reported to state court authorities that he was homeless.

These facts alone would support the magistrate judges' findings by a preponderance of the evidence that the defendant posed a substantial risk of nonappearance. But the record contained a great deal more. According to the complaint, a confidential informant had told Appleton Police Officers and Officers of the Wisconsin Department of Criminal Investigations that Khatib told them he was looking to hire an individual to murder a witness who might be called to testify against him in a pending state case. In addition, Khatib told the confidential informant that he was looking to purchase a large quantity of marijuana and firearms. Initially, Khatib said he was looking to purchase ten .45 caliber pistols, ten AK-47s and a mini AK rifle. Khatib stated it did not matter if the guns were clean or dirty.

The confidential informant introduced Khatib to an undercover ATF agent who later met with Khatib. The meeting was audio and video recorded. Khatib advised the agent that he wanted to purchase sixty firearms of various calibers for the purpose of reselling them for a profit, potentially by shipping them overseas. Khatib and the undercover agent agreed that the undercover agent would obtain a sample of various firearms for Khatib to view and then an order would be placed with his supplier. The meeting led, several days later, to a further meeting at which Khatib

paid $2000.00 in cash for four AK-74 rifles. Khatib took possession of the rifles, placed them in the trunk of his car, and then was arrested by law enforcement.

These facts, though only allegations at this point, show very clearly that Khatib poses a serious risk of danger to the community, as well as a risk of nonappearance. The fact that Khatib is contemplating such activity while on bail in two cases pending in state court charging him with serious felonies indicates clearly that no condition or set of conditions are sufficient to reasonably assure that Khatib will comply with the conditions of court orders or the law. The suggestion that he was looking for a hit man to murder a potential witness, though uncorroborated in itself, finds general corroboration in the other information provided by the informant, which itself is corroborated by the recorded meeting with the undercover agent. Given the nature of the allegations and the strength of the case, as it appears from the complaint, the magistrate judge was entitled to rely on all of this information to find by clear and convincing evidence that Khatib posed a serious risk of danger to the community, as well as a substantial risk of nonappearance.

Having reviewed the transcripts of the hearings, and the motion of the defendant, the Court agrees with the Government that this is not a close case. It is true that the penalty was misstated at the hearing and that Khatib does not have a prior conviction for a felony. Khatib also denies the prosecutor's suggestion that he may hold dual citizenship with Israel, his country of birth, and the United States. None of these facts changes the ultimate conclusion that Khatib poses a substantial risk of nonappearance and to the safety of the community. The evidence and his background suggest contacts with foreign countries that would make flight more attractive than in most cases. The fact that he has not previously fled would seem more a function of his assessment of his chances of a substantial prison sentence on the state charges than his respect for and inclination to comply with the conditions of his bond, given the evidence that he has violated other conditions.

Khatib has offered no further information that would alter these conclusions or findings. Although counsel asserts he was employed by his wife for a company she owns, the assertion is especially dubious in light of the information Khatib provided pretrial services. Even if true, it would not change the result. And while Khatib contends that he was not provided a full hearing, he has failed to supplement the record with an affidavit indicating what, if any, additional information he could provide that would bear on the issues before the Court.

Based upon the Court's de novo review of the entire record, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the defendant's future appearance and the safety of others in the community. According, the order of detention is affirmed.

**SO ORDERED** this   2nd   day of October, 2012.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge